UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

In re: Karen D. Easter                                                                  Case No. 4:22-bk-10799
Debtor                                                                                              Chapter 13

### MOTION FOR SANCTIONS AND DAMAGES AGAINST CREDITOR AMERICA'S CAR-MART, INC FOR VIOLATION OF 11 U.S.C. § 362

COMES NOW Karen D. Easter, by and through her attorney, Matthew D. Mentgen, and for her Motion for Sanctions and Damages Against Creditor America's CAR-MART, Inc. for Violation of 11 U.S.C. §362, states as follows:

I. Parties

1.      Karen D. Easter, (**"Ms. Easter"**) is the sole debtor in the above-captioned Chapter 13 bankruptcy case.

2.      America's CAR-MART, Inc. d/b/a CAR-MART of Little Rock (**"CAR-MART"**) is a secured creditor in this bankruptcy case.

II. Jurisdiction

3.      Pursuant to 28 U.S.C. §1334, this Court has jurisdiction over this proceeding which arises in a case under the Bankruptcy Code and concerns property of the Debtor.

4.      Pursuant to 28 U.S.C. §157(b)(2), this proceeding is a core proceeding.  However, should the Court determine this matter is not a core proceeding, Ms. Easter consents to the entry of final orders or judgment by the Bankruptcy Court in this matter.

III. Venue

5.      Venue is proper pursuant to 28 U.S.C. § 1391.

IV. Background

6. On November 15, 2021, Ms. Easter entered into an Installment Sales Contract in the amount of $18,729.75 for the purchase of a 2015 Kia Sportage with CAR-MART (**the "Vehicle"**).

7. On November 19, 2021, CAR-MART filed a Direct Lien with the State of Arkansas, Department of Finance and Administration perfecting their security interest.

8. On March 24, 2022, Ms. Easter commenced this bankruptcy case by filing a petition for relief under chapter 13 of the Bankruptcy Code. The Bankruptcy Noticing Center provided electronic notice of this bankruptcy case to Car-Mart on Mar 25, 2022, at 21:52:00 (Doc. No. 7).

9. On March 31, 2022, Car-Mart filed a proof of claim (Claim #1) in the amount of $18308.54 evidencing their security interest the Vehicle.

10. On May 12, 2022, Ms. Easter's bankruptcy case was dismissed for Failure to Cure Deficiencies (Doc. No. 18).

11. On May 16, 2022, Ms. Easter filed a Motion to Reinstate Case and Extend Deadline to File Required Schedules (Doc. No. 20).

12. On May 20, 2022, CAR-MART repossessed the Vehicle.

13. On, or about, May 23, 2022, CAR-MART mailed a Notice of Our Plan to Sell Property to Ms. Easter. The notice stated, "We will sell the Vehicle at private sale sometime after 06/07/2022" (Exhibit A).

14. On June 7, 2022, Ms. Easter's bankruptcy case was reinstated. The Bankruptcy Noticing Center provided electronic notice of the reinstatement of bankruptcy case to Car-Mart on Jun 07, 2022, at 21:47:00 (Doc. No. 33).

15. Upon information and belief, on or about June 15, 2022, CAR-MART sold the Vehicle to a third party.

16. Upon information and belief, CAR-MART had actual knowledge of the reinstatement of Ms. Easter's bankruptcy case at the time they sold the vehicle.

17. Ms. Easter suffered actual damages due to CAR-MART's sell of the vehicle including loss of use, loss of income, attorney fees, and mental and emotional distress.

V. Legal Argument and Claim for Relief

18. The commencement of a bankruptcy case imposes an automatic stay, prohibiting creditors from, among other things, engaging in "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case…" 11 U.S.C. § 362(a)(6). The automatic stay also prohibits creditors from undertaking "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate…" 11 U.S.C. §362(a)(3).

19. CAR-MART violated the automatic stay by engaging in an act to collect a claim against Ms. Easter when they exercised control over the Vehicle by selling it to a third party and collected funds towards Ms. Easter's account with the proceeds from the sale.

20. A Debtor may seek relief from willful violations of the automatic stay under 11 U.S.C 362(k)(1). This Court also has power to impose sanctions for automatic stay violations pursuant to 11 U.S.C. § 105(a).

21. "The party seeking damages for a stay violation must establish that: "(1) a violation occurred; (2) the violation was committed willfully, (3) the violation caused actual damages." Rosengren v. GMAC Mortg. Corp., No. CIV. 00-971 (DSD/JMM), 2001 WL 1149478, at *2 (D. Minn. Aug. 7, 2001) (citing Lovett v. Honeywell, Inc., 930 F.2d 625, 628 (8th Cir.1991). (further citations omitted)). "A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition." Knaus v. Concordia Lumber Co., Inc. (In re Knaus), 889 F.2d 773, 775 (8th Cir.1989). (citations omitted). See also Fleet Mortgage Group, Inc. v. Kaneb (.In re Kaneb), 196 F.3d 265, 269 (1st Cir.1999). ("A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under§ 362[(k)] is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation.")." In re Andrews, 467 BR 173- Bankr. Court, ED Arkansas 2011.

22. CAR-MART's selling of the Vehicle was willful as it acted with knowledge of this bankruptcy case and Ms. Easter has suffered actual damages as a result.

23. Karen D. Easter, pursuant to 11 U.S.C. §§ 105(a) and 362(k)(1), respectfully moves this Court to: (1) sanction "Car-Mart" for its willful violation of the automatic stay provisions detailed in 11 U.S.C. §362, (2) award Ms. Easter damages, reasonable attorney fees,

costs, and punitive damages for Creditor's willful violations of the automatic stay provisions detailed in 11 U.S.C. §362, and (3) provide any other remedy this Court determines appropriate including avoiding the transfer of Ms. Easter's Vehicle pursuant to 11. U.S. C. 362 and return of the vehicle to Ms. Easter pursuant to 11. U.S.C. §542.

      WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that this Court grant this motion and (1) sanction CAR-MART for its violation of the automatic stay, (2) award actual and punitive damages to Ms. Easter of at least $18,308.54 (the value of the vehicle according to CAR-MART's proof of claim), and (3) award any other relief to which Ms. Easter may be entitled.

                                                     Respectfully Submitted,

                                                  /s/ Matthew D. Mentgen
                                                  Matthew D. Mentgen #2008096
                                                  Attorney for Debtor
                                                  P.O. Box 164439
                                                  Little Rock, AR 72216
                                                  (501) 392-5662